UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO.  01-235

ALLEN RICHARDSON                                  SECTION  "N"

## ORDER AND REASONS

Before the Court is the petition of Allen Richardson, filed pursuant to 28 U.S.C. § 2255, seeking relief from his conviction and sentence.

## I.  BACKGROUND

On August 30, 2001, a federal grand jury indicted Richardson on a single count of knowingly possessing with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841 (substantive criminal offense) and 18 U.S.C. § 2 (aiding and abetting statute).  On April 9, 2002, the jury returned a guilty verdict.  On July 24, 2002, Richardson was sentenced to 192 months incarceration.  Richardson appealed his conviction and sentence to the Fifth Circuit, which affirmed both his conviction and sentence on June 20, 2003.  On June 15, 2004, Richardson timely filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum of Law in Support of Petition for Relief.

1

## II.  <u>LAW AND ANALYSIS</u>

The motion, files and records of the case conclusively show that the petitioner is not entitled to relief.  The matter is based entirely upon the application of legal principles to established facts. Therefore, an evidentiary hearing is not required.  28 U.S.C. § 2253.

In seeking post-conviction relief, petitioner alleges that he did not receive effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the United States Constitution. The specific grounds for relief set forth in the petitioner's 28 U.S.C. § 2255 motion are alleged as follows:

1.     Petitioner was denied his rights under the Sixth Amendment when counsel failed to object to the indictment, because it did not set forth the elements of aiding and abetting;

2.     Petitioner was denied his rights under the Sixth Amendment when counsel failed to object to the lack of jury instructions on aiding and abetting;

3.     Petitioner was denied his rights under the Sixth Amendment when counsel failed to object to the trial court's factual finding of reckless endangerment during flight; and

4.     Petitioner was denied his rights under the Sixth Amendment when counsel failed to object to the trial court's application of the two-point sentencing enhancement.

5.     Additionally, petitioner separately alleges that the trial court's use of U.S.S.G. § 3C1.2 violated *Blakely v. Washington,* 542 U.S. 296 (2004).[1]

---

[1]On July 12, 2004, Richardson supplemented his § 2255 motion with *Blakeley*.  The Court will consider this supplement under the more recent controlling U.S.S.G. ruling, *United States v. Booker,* 543 U.S. 220 (2005).

2

The Fifth Circuit has emphasized that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (quoting *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995)). Richardson purports to raise issues of constitutional error premised on his claim that he received ineffective assistance of counsel. To prevail on an ineffectiveness claim, petitioner must demonstrate (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must satisfy both prongs in order to succeed. *Id.* at 687. Conversely, if Richardson fails to establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. *Id.* at 697.

To establish a deficient performance, petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Jones v. Jones*, 163 F.3d 285, 301 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 688). The Court applies a highly deferential standard to the examination of counsel's performance, "mak[ing] every effort to eliminate the distorting effects of hindsight" and "evaluat[ing] the conduct from counsel's perspective at the time" of trial. *Id.* (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)). The second prong of *Strickland*, addressing prejudice, requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The standards for ineffective trial counsel and ineffective appellate counsel are the same. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

3

**A.**    **Ground One – Reference in Indictment to Aiding and Abetting Statute**

Richardson contends that the grand jury indictment against him was faulty, because it did not track the language of one of the statutory citations, 18 U.S.C. § 2.  Rec. Doc. No. 1.  This statute is not a substantive offense, but rather allows participants to be charged as principles for their role in aiding and abetting crimes.  The grand jury indicted Richardson for the substantive offense of 21 U.S.C. § 841, and cited 18 U.S.C. § 2 so that the petit jury could find him guilty either as a principal or knowing participant.

It is well-established that "18 U.S.C. § 2 does not define a crime.  It makes punishable as a principal one who aids or abets the commission of a crime.  One indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted.  Indeed, in view of the language of the statute, all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment."  *U.S. v. Megna*, 450 F.2d 511, 512 (5th Cir. 1971) (internal citations omitted).  Consequently, the reference to 18 U.S.C. § 2 in Richardson's indictment did not make the indictment defective.  In fact, the statute's direct inclusion enhanced the specificity of the indictment, rather than being implied as part of the indicted substantive offense, 21 U.S.C. § 841.

Because the indictment was proper, the trial court would not have sustained an objection made on this point by Richardson's counsel.  It is well-established that counsel's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue. *See, e.g. United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).  Therefore, Richardson's claim on this ground is without merit.

**B.**     <u>**Ground Two – Jury Instructions Regarding Aiding and Abetting**</u>

Richardson contends that his counsel was ineffective because he failed to object to jury instructions which did not include the elements of aiding and abetting.

As indicated in the Ground One discussion above, the Court does not consider 18 U.S.C. § 2 to be a substantive offense unto itself.  Instead, the statute "allows a jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting the elements of the crime." *U.S. v. Pearson*, 667 F.2d 12, 13 (5th Cir. 1982).  Consequently, the trial court need not provide jury instructions for the theory of aiding and abetting embodied by 18 U.S.C. § 2.  *See, e.g.*, *U.S. v. Bell*, 812 F.2d 188, fn 8 (5th Cir. 1987) ("[T]he district court's failure to give an aiding and abetting instruction . . . was not plain error. . . . [I]f it had done so, the jury might have more easily convicted appellant.").

The jury found Richardson guilty as a principle, without the need for additional instructions.  According to *Bell*, had the trial court instructed the jury regarding aiding and abetting, "the jury might have more easily convicted" Richardson.  *Id.*  Clearly, counsel's failure to object to the instructions on this ground was a "tactical choice" rather than evidence of ineffective representation. *Id.*, describing *U.S. v. Schultz*, 769 F.2d 431, 434 (7th Cir. 1985) ("[D]efense counsel's failure to submit or object to the absence of an aiding and abetting instruction in this case appears to be more the result of a tactical decision rather than mere inadvertence.  By declining to give such an instruction in this situation, the court below did not commit error, but rather appropriately honored defense counsel's strategic judgment.").  Accordingly, Richardson's claim on this ground is without merit.

C.    **Grounds Three and Four – Factual Findings of Reckless Endangerment and Sentencing Enhancement**

Richardson contends that his counsel was ineffective when he failed to object to a two-level sentencing enhancement for reckless endangerment under U.S.S.G. § 3C1.2.  This provision of the Sentencing Guidelines states, "If the defendant recklessly created a *substantial risk* of death or serious bodily injury to another person in the course of *fleeing from a law enforcement officer*, increase by 2 [two] levels."  *Id.* (emphasis added).  Judicial fact finding forms the basis for a determination under U.S.S.G. § 3C1.2.

Richardson argues first that counsel should have objected to the trial court's finding at the sentencing hearing that he recklessly endangered third persons while in the course of fleeing from law enforcement officials.  Primarily, Richardson's theory that counsel should have objected at this point rests on a contention that the trial court cannot make findings separately from the questions posed to the jury for sentencing purposes.

Richardson argues next that counsel should have objected to the trial court's application of the two-point enhancement to his sentence.  This idea would logically follow if the judicial fact finding was erroneous in nature, because its use in sentencing enhancement would be equally erroneous.

However, these two grounds are without merit.  The record indicates that defense counsel filed and argued objections on these very points at the sentencing hearing, but was overruled. Sentencing Hearing Transcript p. 19, Rec. Doc. No. 77.  Defense counsel in fact properly raised seven objections to the Presentence Investigation Report (PSI), only one of which was sustained (regarding the number of agents listed in paragraph seven).  *Id.*

6

Similarly, the trial court stated at sentencing that the sentence enhancement was "based on the evidence adduced at trial," and that "the defendant was aware of the risk created by his conduct and that the risk was of such a nature and degree that disregarding it constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *Id.* Because the defendant created this substantial risk while fleeing from law enforcement officers, the court met the threshold finding to merit the two-level sentence enhancement for reckless endangerment under U.S.S.G. § 3C1.2. Judicial factfinding was proper in this instance because the petit jury had already found Richardson guilty of the charged crime.

Even with the enhancement, the trial court sentenced Richardson near the bottom of the available guideline range. Consequently, Richardson's contentions on these grounds are without merit.

**D. Supplement Regarding Retroactivity of *United States v. Booker*, 543 U.S. 220 (2005)**

Richardson contends that *Booker* should retroactively apply to his sentencing, in that the trial court used the points system of the Sentencing Guidelines to enhance his sentence. The Fifth Circuit has already reviewed Richardson's conviction for plain error, and found none. There is no evidence that the trial court would have sentenced Richardson differently under an advisory sentencing guidelines regime. *See, e.g., United States v. Akpan*, 407 F.3d 360 (5th Cir. 2005) (applying harmless error doctrine when Sixth Amendment rights are preserved upon objection at trial, but applying plain error doctrine when there is no preservation), citing *United States v. Coumaris*, 399 F.3d 343 (D.C. Cir. 2005) and *United States v. Cotton*, 535 U.S. 625 (2002). Consequently, *Booker* has no

retroactive effect on Richardson's Sixth Amendment contentions, and his Motion to Supplement is without merit.

### III. CONCLUSION

For the foregoing reasons, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2255 is **DENIED** with prejudice.

New Orleans, Louisiana, this __5th__ day of <u>December</u>, 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

8